IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DANIEL EUGENE RIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-081 |
| | ) | |
| LT. AMY CHABANEOU, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Valdosta State Prison, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Telfair State Prison ("TSP") in Helena, Georgia. Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.   Screening the Complaint**

   **A.   Background**

Plaintiff names Amy Chabaneou, a Lieutenant at TSP, as the sole defendant. (Doc. no. 1, p. 1.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On April 17, 2023, Defendant forced Plaintiff into a cell with another inmate Plaintiff explained was his enemy. (Id. at 5.) Prior to being forced into the cell, Plaintiff told Defendant

he would either harm the cell mate, or commit suicide by hanging himself, if he had to share the cell with this enemy. (Id.) Nevertheless, Defendant forced Plaintiff into the cell and stated her shift would soon be finished anyway. (Id.) Plaintiff then hanged himself. (Id.) As relief, Plaintiff seeks unspecified monetary damages, and he wants Defendant fired from her job. (Id. at 6.)

B.  Discussion

1.  Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Does Not State an Eighth Amendment Claim Against Defendant

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). The protections of the Eighth Amendment include the "right to be protected from self-inflicted injuries, including suicide." Moore v. Hunter, 847 F. App'x 694, 696 (11th Cir. 2021) (*per curiam*) (citing Gish v. Thomas, 516 F.3d 952, 954 (11th Cir. 2008)). A prison official may "be held liable for failing to prevent harm to a prisoner if [s]he acted with deliberate indifference toward" a prisoner's health and safety, but to impose liability, the prison official must deliberately disregard "a strong likelihood rather than a mere possibility that the self-infliction of harm will occur." Id. at 697.

> A strong likelihood of suicide does not exist . . . unless all of the following factors are present: (1) the inmate previously had threatened or attempted suicide; (2) that prior threat or attempt was known to the defendant[]; (3) the prior threat or attempt was somewhat recent; and (4) the prior threat or attempt appeared genuine.

Estate of Harvey v. Minter, Civ. Act. No. 4:23-cv-064, 2024 WL 2979546, at *7 (S.D. Ga. June 13, 2024) (Baker, C.J.) (internal quotation marks and citations omitted). If a prison official does not know about a prisoner's suicidal tendencies, "failure to prevent suicide has never been held to constitute deliberate indifference." Jackson v. West, 787 F.3d 1345, 1353 (11th Cir. 2015). Stated otherwise, "[o]rdinary malpractice or simple negligence won't do; instead, the plaintiff must show subjective recklessness as used in the criminal law." Swain v. Junior, 961 F.3d 1276, 1285-86 (11th Cir. 2020) (internal quotation marks and citation omitted).

Plaintiff has not alleged Defendant deliberately disregarded a strong likelihood of self-harm simply because he stated to her on the day of the self-harm alleged that he would hang himself if forced to go into the cell with his enemy. While Defendant may have casually dismissed Plaintiff's concerns with her comment about the imminent end to her work shift, there is no allegation Defendant had any knowledge of a history of genuine attempts at self-harm. Indeed, Plaintiff does not allege he ever attempted self-harm prior to the events of April 17, 2023. In sum, because there is no allegation of a history of threatened or attempted self-harm by Plaintiff, let alone a recent, genuine threat of harm known to Defendant, under the particularized standard set forth above, Plaintiff fails to state a viable Eighth Amendment claim.

**II.     Conclusion**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief may be granted and **CLOSED**.

SO REPORTED and RECOMMENDED this 21st day of January, 2025, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA